UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TRUMP YOUR COMPETITION, INC.,**<br><br>    Plaintiff-Applicant,<br><br>v.<br><br>**DONALD J. TRUMP,**<br><br>    Defendant-Opposer. | In re Proceeding No. 91217618,<br>(Currently pending before the<br>Trademark Trial and Appeal Board)<br><br>Misc. Proc. No.  15 Misc. 0400 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY APPLICANT
TRUMP YOUR COMPETITION, INC. FOR ORDER COMPELLING
<u>COMPLIANCE WITH SUBPOENA TO TESTIFY AT DEPOSITION</u>**

      **KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
       Norris D. Wolff
       Netra Sreeprakash
       551 Fifth Avenue, 18th Floor
       New York, New York  10176
       Telephone:    (212) 986-6000
       Facsimile:     (212) 986-8866

Applicant Trump Your Competition, Inc. ("TYC"), by its undersigned counsel, respectfully submits this memorandum of law in support of its motion to compel compliance by the opposer, Donald J. Trump, with TYC's subpoena to testify at a deposition in connection with a proceeding initiated by Trump to oppose TYC's application to register its mark, "Trump Your Competition"—a mark previously registered as a trademark with the United States Patent and Trademark Office ("USPTO") by TYC's majority shareholder, Anthony Seruga.

## PRELIMINARY STATEMENT

In 2006, TYC's majority shareholder, Anthony Seruga, registered the mark "Trump Your Competition" with the USPTO. TYC had been (and to date has been) doing business under the name "Trump Your Competition" consistently since at least January 2005. In September 2005, the Patent and Trademark Office found that there was "no similar registered or pending mark . . . that would bar registration" of the mark "Trump Your Competition." At no time prior to registration of the mark "Trump Your Competition" did Mr. Trump oppose the registration.

Due to an oversight, the registration of the mark "Trump Your Competition" was canceled in 2011, but when that fact became apparent, TYC promptly filed a new application to register the mark it has long been using. The USPTO again approved the application, issuing a notice last year stating that the mark "appears to be entitled to registration." In accordance with the requirements of the Trademark Act of 1946, the mark was published in the Official Gazette on April 8, 2014 to permit those believing they would be damaged by the registration of the mark to oppose the application.

On July 28, 2014, Mr. Trump, *in his individual capacity*, filed a Notice of Opposition to TYC's application, alleging that the Trump Your Competition mark should not be registered

2

because of a likelihood of confusion with and dilution of certain marks including the name "TRUMP" (all in capital letters) that Mr. Trump allegedly has registered.

In November, TYC served Mr. Trump with a subpoena issued by the Clerk of this Court to take his deposition. TYC advised Mr. Trump's counsel that TYC would take Mr. Trump's deposition anywhere in the continental United States within the 30-day trial period prescribed by the Trademark Trial and Appeal Board ("TTAB").

Through his counsel, Mr. Trump has refused to appear for his deposition, citing his "status as a high-profile, high-level executive of The Trump Organization."

As such, TYC has no choice but to move the Court to compel Mr. Trump to comply with the subpoena and provide testimony in connection with the TTAB proceedings that Mr. Trump himself personally initiated.

## BACKGROUND

In 2006, the mark "Trump Your Competition" was registered with the USPTO by TYC's principal shareholder, Mr. Seruga. *See* USPTO Service Mark Principal Register for "Trump Your Competition" dated May 23, 2006 (the "Register"), annexed as Exhibit A to the Declaration of Netra Sreeprakash dated December 9, 2015 ("Sreeprakash Decl."). In the prior year, following an "office records search," the USPTO had concluded that "no similar registered or pending mark has been found that would bar registration" of "Trump Your Competition." *See* Examiner's Amendment, USPTO, dated September 8, 2005, annexed as Exhibit B to the Sreeprakash Aff.

TYC had been doing business under the name "Trump Your Competition" since at least January 10, 2005, as the Register reflects. *See id.*

In 2011, Mr. Seruga inadvertently failed to comply with registration maintenance requirements, and the registration of "Trump Your Competition" was canceled.  However, in 2013, upon learning of the registration's cancelation, TYC quickly filed an application to register the mark that its majority shareholder previously had registered, and which TYC had been using for approximately a decade.  *See* Application for Registration dated November 12, 2013, annexed as Exhibit C to the Sreeprakash Decl.

The USPTO issued a notice on March 19, 2014 stating that that the "Trump Your Competition" mark "appears to be entitled to registration."  *See* USPTO Notice of Publication dated March 19, 2014, annexed as Exhibit D to the Sreeprakash Decl.

In accordance with the requirements of the Trademark Act of 1946, the mark was published in the Official Gazette on April 8, 2014 to permit those believing they would be damaged by the registration of the mark to oppose the application.  *See id.*

On July 28, 2014, Mr. Trump, in his individual capacity, filed a Notice of Opposition to TYC's application, alleging that the Trump Your Competition mark should not be registered because of a likelihood of confusion with and dilution of the following marks allegedly registered by Mr. Trump:  "TRUMP," "TRUMP MODEL MANAGEMENT," "TRUMP ONE," "TRUMP CARD," "TRUMP ATTACHÉ," "TRUMP ENTERTAINMENT RESORTS," "TRUMP NATIONAL GOLF CLUB," AND "TRUMP INTERNATIONAL HOTEL & TOWER."  *See* Notice of Opposition filed July 28, 2014, annexed as Exhibit E to the Sreeprakash Decl. (capitalization in original).

TYC answered the Notice of Opposition on August 29, 2014.  *See* Applicant's Answer to Petitioner's Notice of Opposition and Applicant's Affirmative Defenses, filed August 29, 2014, annexed as Exhibit F to the Sreeprakash Decl.

By letter dated November 6, 2015, TYC's counsel, Rod Underhill, provided notice to counsel for Mr. Trump at Hughes Hubbard & Reed of his intention to take Mr. Trump's deposition. Mr. Underhill advised Mr. Trump's counsel that he would be "flexible respecting location, date and time so long as it's within the defendant's 30-day trial period." *See* Letter dated November 6, 2015 from Rod Underhill with accompanying Notice of Taking Testimony Deposition, also dated November 6, 2015, annexed as Exhibit G to the Sreeprakash Decl.

On November 10, 2015, the Clerk of Court of the United States District Court for the Southern District of New York issued a subpoena for deposition testimony to Mr. Trump. *See* Subpoena to Testify at a Deposition in a Civil Action dated November 10, 2015, annexed as Exhibit H to the Sreeprakash Decl. The subpoena, along with the requisite witness fee, was served on Mr. Trump through personal delivery to a person of suitable age and discretion at Mr. Trump's actual place of business on November 10, 2015, and by first class mail on November 11, 2015. *See* Affidavit of Service dated November 12, 2015, annexed as Exhibit I to the Sreeprakash Decl.

By letter dated November 25, 2015, Mr. Trump's counsel claimed that Mr. Trump—the sole individual opposing TYC's registration application—has no "unique" knowledge of the facts and issues relevant in this proceeding and cited Mr. Trump's "status" as a "high-profile, high-level executive within The Trump Organization" as grounds for not complying with the subpoena. *See* letter dated November 25, 2015 from Natasha N. Reed, annexed as Exhibit J to the Sreeprakash Decl. Ms. Reed went so far as to suggest that TYC's request that Mr. Trump appear for deposition "is clear harassment and would cause an undue burden" on Mr. Trump. She suggested that TYC depose Mr. Trump's son instead of Mr. Trump, *see id.* at 2-3, although Eric Trump is not a party to the TTAB proceeding.

Counsel for TYC again advised counsel for Mr. Trump that "if Mr. Trump will submit to the subpoena without filing a Motion to Quash, we will do our best to provide a date of his selection within [the] trial calendar period as set by the Board, and a location within the continental United States that [Mr. Trump] might prefer." *See* email dated December 2, 2015 from Rod Underhill, annexed as Exhibit K to the Sreeprakash Decl.

Counsel for TYC followed up again with Mr. Trump's counsel on December 3, 2015. *See* email dated December 3, 2015 from Rod Underhill, annexed as Exhibit L to the Sreeprakash Decl. ("Will Mr. Donald J. Trump be honoring the subpoena issued by the United States District Court for the Southern District of New York in re Proceeding 91217618 whereby he has been commanded to appear on January 05, 2016 at ten a.m.? . . . I will work with you to schedule his appearance on another date within the defense trial period as well as scheduling the testimony deposition in any other state of the continental United States if Mr. Trump confirms he will honor the subpoena by close of business tomorrow."). Thus, TYC's counsel in good faith attempted to confer with counsel for Mr. Trump to secure Mr. Trump's testimony without court intervention.

By email dated December 4, 2015, counsel for Mr. Trump advised counsel for TYC that Mr. Trump intended to move to quash the subpoena. *See* email chain between Rod Underhill and Natasha Reed dated December 4, 2015, annexed as Exhibit M to the Sreeprakash Decl.

To date, to TYC's knowledge, Mr. Trump has not moved to quash the subpoena.

# ARGUMENT

I. **The District Court Has Jurisdiction Over this Matter and Venue Is Proper**

Pursuant to Rule 703.01(f)(2) of the Trademark Trial and Appeal Board Manual of Procedure, if a person refuses to appear for a deposition pursuant to a subpoena, the deposing party must seek enforcement from the United States district court that issued the subpoena.

The Clerk of this Court issued the subpoena. *See* Sreeprakash Decl., Ex. H.

Federal Rule of Civil Procedure 45 permits the issuance of a subpoena commanding a person to appear to attend a deposition within 100 miles of that person's residence or employment. *See* Fed. R. Civ. P. Rule 45(c)(1). Mr. Trump resides and works in Manhattan.

Mr. Trump was served on November 10, 2015 at his business address in Manhattan with the subpoena to testify at a deposition scheduled for January 5, 2016. *See* Sreeprakash Decl., Ex. I. Counsel for Mr. Trump has not disputed the efficacy of service of the subpoena.

II. **The Court Should Require Mr. Trump to Appear for Deposition within the TTAB's Trial Period**

Mr. Trump, in his individual capacity, is the opposer in the TTAB proceeding at issue. He alone initiated the proceeding. He alone should sit for a deposition in this matter. *See, e.g., Dreick Finanz AG v. Sun*, No. 89 Civ. 4347, 1990 U.S. Dist. LEXIS 3861, at **5-6 (S.D.N.Y. April 10, 1990) (noting that a party that fails to attend its own deposition may be required to pay reasonable expenses incurred by the other party, and ordering plaintiffs to "appear at their depositions to be conducted on a date selected by counsel for the parties"); *Lane Bryant, Inc. v. Hatleigh Corp.*, No. 81 Civ. 94, 11981 U.S. Dist. LEXIS 13241, at **2-3 (S.D.N.Y. June 30, 1981) (directing counsel for plaintiff to produce plaintiff for deposition); *Daly v. Delta Airlines, Inc.*, No. 90 Civ. 5700, 1991 U.S. Dist. LEXIS 2762, at *4 (S.D.N.Y. Mar. 7, 1991) (noting that plaintiff that chose to file suit in the US could not reasonably expect to avoid making himself

available for deposition in the US); *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, No. 97 Civ. 4978, 2002 U.S. Dist. LEXIS 9218 (S.D.N.Y. May 23, 2002) ("[I]it is well settled that a plaintiff is ordinarily required to make him or herself available for a deposition in the jurisdiction in which the action is brought.").

TYC properly noticed Mr. Trump's deposition to take place in New York, New York, where Mr. Trump resides and works. *See* Sreeprakash Decl., Ex. H. Nonetheless, TYC's counsel offered to try to accommodate Mr. Trump's preferences in setting the date and place of deposition. *See* Sreeprakash Aff., Exs. G and K. Notwithstanding TYC's attempts to accommodate Mr. Trump, Mr. Trump repeatedly refused outright to appear for deposition, citing his "status" and busy schedule.

Mr. Trump cannot avoid his obligation to appear to give testimony concerning his opposition to TYC's registration on the basis of his "high-profile, high-level" status. TYC acknowledges that Mr. Trump is running for the office of President of the United States. But Presidents themselves—let alone presidential candidates—are not above the law. *See, e.g., Clinton v. Jones*, 520 U.S. 681, 704-705 (1997) (noting that "President Ford complied with an order to give a deposition in a criminal trial . . . and President Clinton has twice given videotaped testimony in criminal proceedings" and "President Grant gave a lengthy deposition in a criminal case under such circumstances, and President Carter similarly gave videotaped testimony for use at a criminal trial") (citations omitted). When sitting Presidents cannot avoid their obligation to provide testimony in legal proceedings, Mr. Trump, a mere candidate for that highest office, cannot claim greater privileges.

If Mr. Trump believes himself too important or too busy to sit for a deposition, the appropriate solution lies in withdrawing his meritless opposition to TYC's registration

application (for a mark approved by the USPTO and that TYC's principal previously registered, and which TYC and Mr. Seruga have been using for commercial purposes for over ten years), not in refusing to comply with a deposition subpoena properly issued by this Court.

## CONCLUSION

For the foregoing reasons, TYC respectfully requests that the Court: (i) order Mr. Trump to comply with the subpoena by appearing for deposition in New York, New York, within the time period provided by the TTAB; (ii) award TYC attorneys' fees and costs on this motion pursuant to Fed. R. Civ. P. Rule 37(a)(5); and (iii) award such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 10, 2015

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

By: _____
    Norris D. Wolff
    Netra Sreeprakash

551 Fifth Avenue, 18th Floor
New York, New York  10176
Telephone:(212) 986-6000
Facsimile: (212) 986-8866
Email: nwolff@kkwc.com
Email: nsreeprakash@kkwc.com

*Attorneys for Applicant*
**TRUMP YOUR COMPETITION, INC.**