# Exhibit J



Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

November 25, 2015


BY EMAIL and FEDERAL EXPRESS

Mr. Rod Underhill, Esq.
Trump Your Competition Inc.
P.O. Box 4470
Lake Tahoe, Nevada 89449
Email: Mp3rod@aol.com


Re:   *Trump v. Trump Your Competition, Inc.*
      U.S. Trademark Opposition No. 91217618

Dear Rod:

We write regarding the November 10, 2015 subpoena issued by the United States District Court for the Southern District of New York, seeking to compel Donald J. Trump to appear at a deposition as a testifying witness during your client's testimony period in the above-referenced opposition proceeding.

As we have repeatedly stated to you, Mr. Trump does not have unique knowledge of the facts and issues relevant in this proceeding, and lacks personal knowledge concerning the details of his trademark applications and registrations. Mr. Trump is a high-profile, high-level executive within The Trump Organization. He is also engaged in extensive travel, personal appearances, speeches, and rallies in connection with his business obligations and his candidacy for President of the United States. Mr. Trump is not involved in the day-to-day management of his trademark portfolio or the use of his marks, and relies on other executives to manage his trademarks. Specifically, Mr. Trump primarily relies upon Alan Garten, Executive Vice President and General Counsel of The Trump Organization, to manage his trademark portfolio and police his brand.

As you also know, on November 12, 2105, Mr. Garten testified under oath during Opposer's testimony period as to the maintenance, use, and policing of the TRUMP house mark. During Mr. Garten's deposition, I made clear to you on the record that you could cross-examine Mr. Garten on *any* issue. You stated at the deposition that you had questions that you believed only Mr. Trump could answer. I again specifically stated that you could attempt to ask Mr. Garten those questions, and if for some reason Mr. Garten was unable to answer them, we could discuss ways in which we might potentially obtain the answers you were seeking on behalf of

your client.  However, you refused to pose those questions to Mr. Garten.  At no point in time have you indicated why you believe Mr. Trump has unique and personal knowledge concerning whatever information you seek to obtain from him.  Your client made no effort to depose Mr. Trump during the discovery phase of this proceeding, nor did your client propound any other discovery that would suggest that Mr. Trump has unique or personal knowledge concerning the facts and issues involved in this proceeding.  Further, as you know, we did not name Mr. Trump in either Opposer's initial disclosures or pre-trial disclosures.  We do not intend to rely on any testimony or statements from Mr. Trump in this matter.

Given Mr. Trump's status as a high-profile, high-level executive of The Trump Organization, his unfamiliarity with the facts and issues involved in this proceeding, and his busy schedule, Mr. Trump is not an appropriate witness to be questioned in this matter.  Courts have consistently denied or otherwise curtailed similar requests to question "apex," senior executives like Mr. Trump, particularly when they lack unique, personal knowledge of the underlying facts relevant to a case and the information can be gathered from others.[1]  *See, e.g.*, *Harris v. Computer Associates Int'l, Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001) (denying request to depose Chairman-CEO on grounds that Chairman-CEO lacked personal knowledge of contested issues); *Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 484 (10th Cir. 1995) (affirming protective order of defendant Chairman, reasoning in part, "[Plaintiff] made no attempt to demonstrate that the information she seeks to obtain from [Chairman] could not be gathered from other [Defendant] personnel, for whom a deposition might have been less burdensome"); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (requiring plaintiff to depose lower-level employees prior to deposing defendant's president who was "extremely busy and did not have any direct knowledge of the facts"); *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 126 (D. Md. 2009) (apex deposition rule "aimed to prevent the high level official deposition that is sought simply because he is the CEO or agency head—the top official, not because of any special knowledge of, or involvement in, the matter in dispute"); *Filetech, S.A. v. Fr. Telecom, S.A.*, No. 95 Civ. 1848, 1999 WL 92517, at *1-2 (S.D.N.Y. Feb. 17, 1999); *Consol. Rail Corp. v. Primary Indus. Corp.*, Nos. Civ. 4927 (PNL), 92 Civ. 6313 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (considering likelihood that deposition will result in business disruption and harassment).

In a good faith effort to provide you with the opportunity to obtain the testimony that you are seeking, on November 4, 2015, we supplemented Opposer's pre-trial disclosures to add as a witness Eric Trump, Executive Vice President of Development and Acquisitions and Mr. Trump's son.  Similar to Mr. Garten, Eric Trump is also involved in the management of Mr. Trump's trademark portfolio and has personal knowledge of facts surrounding the use and registration of Mr. Trump's trademarks.  Moreover, we expressly offered up Eric Trump to voluntarily appear for deposition during your client's testimony period.  However, you have never responded to our offer to take Eric Trump's testimony and you continue to request that Mr. Trump appear for deposition.  This is clear harassment and would cause an undue burden on Opposer.

---

1.  The "apex" witnesses rule articulated in Rule 26(c) of the Federal Rules of Civil Procedure prohibits the deposition of senior corporate executive "where there appears a clear risk of abuse because the proposed deponent is . . . a very high corporate officer unlikely to have personal familiarity with the facts of the case."  8A Charles Alan Wright et al., Federal Prac. & Proc. § 2037 (3d ed. 2011).

Courts have not hesitated to deny similarly baseless requests to depose senior executives, casting away requests as unduly burdensome, oppressive, and harassing – particularly where, as here, there has been no effort whatsoever to obtain the sought-after information from readily proffered alternative sources. *See, e.g.*, *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 335 (M.D. Ala. 1991) (finding that deposing Vice President would be "oppressive, inconvenient, and burdensome inasmuch as it has not been established that the information necessary cannot be had from [others]"); *Treppel v. Biovail Corp.*, No. 03 CIV. 3002 PKL JCF, 2006 WL 468314, at *3 (S.D.N.Y. Feb. 28, 2006) (Depositions were improper with respect to CEO and members of Board of Directors, where "[P]laintiff has not explained why the noticed individuals are believed to have personal knowledge of the underlying events, nor why that knowledge is believed to be unique. The plaintiff has made no attempt to depose any lower level executives . . ."); *Ronald A. Katz Tech. Licensing, L.P. v. Verizon Commc'ns, Inc.*, No. CIV.A. 01-5627, 2002 WL 31356302, at *5 (E.D. Pa. Oct. 16, 2002) (Deposition would "would be a large and unnecessary burden" where it was undisputed that [high-ranking] executive "has a very busy schedule and travels extensively," and where defendant "has offered … other witnesses, including other executives," and Plaintiff has "not offered any sound basis for concluding that [executive] has knowledge of any relevant information."); *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D. R.I. 1985) (refusing to compel oral deposition of defendant's Chairman of Board, recognizing that he was a "singularly unique and important individual who can be easily subjected to harassment and abuse").

We reiterate our offer for Eric Trump to appear voluntarily for a testimony deposition at a mutually agreeable date, time, and location during your client's testimony period. Additionally, or in lieu of this, we are also willing to offer you the opportunity to submit written questions to Mr. Trump, to which he can reply by affidavit or declaration, pursuant to 37 C.F.R. § 2.123(b) and T.B.M.P. § 703.01(b).

We ask that you consider these options so that the parties can avoid federal court motion practice in connection with the subpoena. We look forward to hearing from you as soon as possible.

Best regards,

Natasha N. Reed

cc:     Matthew Maron, Esq.