

*Direct Dial: 212.880.9876*
*E-Mail: nsreeprakash@kkwc.com*

December 18, 2015

**Via ECF**

Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Court House
500 Pearl Street, Room 2260
New York, New York 10007-1312

        **Re:**    ***Trump Your Competition, Inc. v. Donald J. Trump***;
                **Misc. Proc. No. 15-Misc.-00400;**
                **In re Proceeding No. 91217618**
                <u>**(Pending before the U.S. Trademark Trial and Appeal Board)**</u>

Dear Judge Woods:

      I write on behalf of Trump Your Competition, Inc. ("TYC"), the plaintiff in this miscellaneous proceeding, and the applicant in the proceeding before the Trademark Trial and Appeal Board (the "TTAB") in connection with which this matter arises, to oppose the letter-motion by Daniel H. Weiner on behalf of opposer Donald J. Trump ("Mr. Trump") for an adjournment of oral argument and an extension of time to respond to plaintiff's motion to compel.

      As the Court may know, matters before the TTAB proceed on submission. The TTAB sets a trial period of 30 days for both the opposer and the applicant. TYC's trial period ends on ***January 12, 2016***. The TTAB alone—and not the parties—determines the schedule. Mr. Trump's deposition was noticed for January 5, 2016. Thus, time is of the essence, and Mr. Weiner's requests that Mr. Trump's time to oppose the motion to compel be enlarged and that oral argument on the pending motion to compel be pushed to January 12 or January 25, 2016 are highly unreasonable.

      Mr. Trump's counsel at Hughes Hubbard received TYC's notice of trial deposition on November 6, 2015. On November 10 and 11, 2015, TYC served Mr. Trump with the subpoena for deposition. On November 25, 2015, Trump's counsel advised TYC's counsel



Honorable Gregory H. Woods
December 18, 2015
Page 2

that Mr. Trump would not appear for his deposition (despite TYC's counsel's offer to take Mr. Trump's deposition at any place in the continental U.S., on any day within the TTAB trial period). Nonetheless, TYC's counsel attempted to confer with Mr. Trump's counsel to secure his deposition testimony. On Friday, December 4, Hughes Hubbard reiterated that it intended to move to quash the subpoena. *See, e.g.*, Docket No. 3-13. However, it declined to provide a timeline for such a motion. TYC initiated this miscellaneous proceeding the very next week. TYC's motion to compel, which was served by hand on and also sent by email to counsel for Mr. Trump on December 10, is returnable on December 29, 2015. Mr. Trump's counsel will have had two weeks to submit opposition papers (a week longer than Local Rule 6.1(a) permits for discovery motions).

Hughes Hubbard is a sizeable firm, and Mr. Trump also has in-house counsel that, we have been told, is considering litigating this matter on his behalf. In other words, Mr. Trump has a bevy of lawyers at his disposal. It seems improbable that they cannot between them over the course of two weeks draft papers in opposition to a simple motion to compel, and that none among them is available to appear in Court on December 29 to oppose the motion.[1]

Mr. Trump has used various procedural tactics to delay resolution of this case.[2] The Court should not permit him to continue to delay this simple trademark matter further.

---

[1] One of those attorneys, who was Mr. Trump's one-time counsel of record and also his sole witness in the TTAB proceeding, recently told a reporter with the Wall Street Journal that TYC's motion to compel is "frivolous." *See* Joe Palazzolo, *Trump Your Competition Pursues Trump in Trademark Dispute*, Wall Street J. (Dec. 16, 2015, as updated at 4:31 AM), http://www.wsj.com/articles/BL-LB-52762 (quoting an email from "executive vice president and general counsel for the Trump Organization," Alan Garten). If Mr. Trump's counsel are prepared to argue before the media, they should be prepared to argue before the Court.

[2] The TTAB proceeding commenced on July 18, 2014, when Mr. Trump filed papers opposing TYC's application to register a mark that TYC's principal shareholder already had successfully registered in 2006. TYC's Counsel in the TTAB proceeding permitted Mr. Trump to amend his pleading in October 2014 in order to correct what his counsel described as an "inadvertent mistake." Also in October 2014, at Mr. Trump's request, TYC's counsel agreed to suspend the TTAB proceedings in order to discuss a potential amicable resolution. Those discussions, however, were unsuccessful. In June 2015, new counsel appeared for Mr. Trump in the TTAB action. TYC's counsel was forced to file a motion to disqualify the new counsel—his first motion to disqualify an opponent in 35 years of trial practice—in light of the fact that Mr. Trump's new counsel purported to be both counsel of record and the sole witness for Mr. Trump. In August, Mr. Trump's sole witness withdrew as counsel and yet another attorney appeared in



Honorable Gregory H. Woods
December 18, 2015
Page 3

      Should the Court choose to adjourn oral argument despite the TTAB schedule and TYC's objections, I respectfully request that the Court take into consideration the fact that I will be out of the country the week of January 12, 2016, and both Norris D. Wolff, the other counsel of record in this miscellaneous proceeding (unlike Mr. Trump, TYC has just two attorneys in New York), and I have a trial in New York Supreme Court beginning on January 25, 2016.

      We are grateful for Your Honor's time and attention to this matter.

      Yours respectfully,

      *Netra Sreeprakash*
      Netra Sreeprakash

NSsg
Enclosure

cc:    Daniel H. Weiner
       Natasha Reed
       Lena Saltos

---

the TTAB proceeding on Mr. Trump's behalf. Although Hughes Hubbard, the firm currently representing Mr. Trump in this miscellaneous proceeding, was the third in the series of counsel representing Mr. Trump in the TTAB proceeding, in September, TYC's counsel agreed to give them a 60-day adjournment to get up to speed. Finally, most recently, TYC's counsel filed a motion to compel service by Mr. Trump of his sole witness's deposition transcript after the deadline for service of the same elapsed without Mr. Trump's counsel asking for an extension of time. Mr. Trump's counsel finally sent the transcript by email and mail, one week late, and five days after the start of TYC's 30-day trial period. (TYC's counsel thereafter withdrew that motion to compel).