**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TRUMP YOUR COMPETITION, INC.,** | 15 Misc. 0400 |
| Plaintiff-Applicant, | |
| v. | In re Proceeding No. 91217618, (Currently pending before the Trademark Trial and Appeal Board) |
| **DONALD J. TRUMP,** | |
| Defendant-Opposer. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION BY
APPLICANT TRUMP YOUR COMPETITION, INC. FOR ORDER COMPELLING
COMPLIANCE WITH SUBPOENA TO TESTIFY AT DEPOSITION AND IN
OPPOSITION TO MOTION BY DONALD J. TRUMP FOR PROTECTIVE ORDER**

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
Norris D. Wolff
Netra Sreeprakash
551 Fifth Avenue, 18th Floor
New York, New York  10176
Telephone:    (212) 986-6000
Facsimile:    (212) 986-8866

Applicant Trump Your Competition, Inc. ("TYC"), by its undersigned counsel, respectfully submits this reply memorandum of law (i) in further support of its motion to compel compliance by the opposer, Donald J. Trump, with TYC's subpoena to testify at a deposition in connection with a proceeding initiated by Mr. Trump to oppose TYC's application to register its mark, "Trump Your Competition"—a mark previously registered as a trademark with the United States Patent and Trademark Office ("USPTO") by TYC's majority shareholder, Anthony Seruga; and (ii) in opposition to Mr. Trump's motion for a protective order.

## PRELIMINARY STATEMENT

The question before the Court is simple:  should an individual who initiated a legal proceeding be excused from giving deposition testimony in that same proceeding?  Statutory authority and case law establish that the answer is no.  Mr. Trump does not cite a single case— and TYC is aware of none—in which any court permitted the initiating party to escape the obligation to provide deposition or trial testimony.

Nonetheless, Mr. Trump argues that if the individual that initiated the action is a "well-known real estate entrepreneur, businessman and television celebrity," then well-established principles of law and equity (as well as basic fairness) should go out the door.  Mr. Trump was not too busy or too important to personally oppose the TYC trademark application that he fears (baselessly) will harm his pecuniary interests.  However, when TYC sought to challenge Mr. Trump's legal position in the TTAB proceeding, suddenly, he was both too busy and too important to participate in the legal process.  Mr. Trump cannot use the legal process as both a sword and a shield.  The Court should compel him to appear for trial deposition in the proceeding before the Trademark Trial and Appeal Board ("TTAB") that he himself initiated.

## ARGUMENT

**I.   Mr. Trump Does not Dispute that the District Court
      Has Jurisdiction Over this Matter and Venue Is Proper**

Mr. Trump has not denied—and therefore concedes—that the subpoena to take trial testimony of Mr. Trump by deposition was properly served by TYC, that the Court has jurisdiction over this matter, and that venue is proper.

**II.   Mr. Trump Ignores this Court's Rulings Requiring the
       Party that Initiated the Proceeding To Appear for Deposition**

This Court has on multiple occasions held that the party that initiated the action is required to appear for deposition, notwithstanding any difficulties.  *See Daly v. Delta Airlines, Inc.*, No. 90 Civ. 5700, 1991 U.S. Dist. LEXIS 2762, at *4 (S.D.N.Y. Mar. 7, 1991) (holding that plaintiff that filed suit in the US could not avoid making himself available for deposition in the US); *see also Dreick Finanz AG v. Sun*, No. 89 Civ. 4347, 1990 U.S. Dist. LEXIS 3861, at **5-6 (S.D.N.Y. April 10, 1990) (ordering plaintiffs to "appear at their depositions to be conducted on a date selected by counsel for the parties"); *Lane Bryant, Inc. v. Hatleigh Corp.*, No. 81 Civ. 94, 11981 U.S. Dist. LEXIS 13241, at **2-3 (S.D.N.Y. June 30, 1981) (directing counsel to produce plaintiff for deposition).  By opposing TYC's trademark registration application, Mr. Trump initiated the TTAB proceeding from which the instant miscellaneous proceeding arises.  He therefore should be compelled to sit for deposition in the proceeding.

**III.   Mr. Trump Does Not Cite a Single Case Supporting His Position**

Mr. Trump does not cite a single case in which an individual plaintiff was permitted to avoid appearing at a deposition or to give trial testimony.  Instead, Mr. Trump cites cases that involve attempts to depose *representatives* of *entities that are defendants* in lawsuits.  *See Hughes v. Gen. Motors Corp.,*  1974 U.S. Dist. LEXIS 8036, at *1 (S.D.N.Y. 1974) (denying motion to compel "continued deposition" by president of defendant General Motors, who was

not a party to the action); *Harris v. Computer Assocs. Int'l, Inc*., 204 F.R.D. 44 (E.D.N.Y. 2001) (denying plaintiff's request to depose chairman and CEO of defendant corporation, who was not a party to the action, as, *inter alia*, untimely); *Thomas v. Int'l Bus. Machines*, 48 F.3d 478 (10th Cir. 1995) (affirming grant of protective order relieving chairman of defendant IBM's board of directors, who was not a party to the action, from need to comply with deposition notice on, *inter alia*, the grounds that notice was untimely and did not comply with certain local rules); *Baine v. Gen. Motors Corp*., 141 F.R.D. 332 (M.D. Ala. 1991) (granting motion for protective order quashing deposition of vice president of defendant General Motors, who was not a party to the suit, without prejudice); *Treppel v. Biovail Corp*., No. 03 CIV. 3002, 2006 U.S. Dist. LEXIS 7836, at *3 (S.D.N.Y. Feb. 28, 2006) (observing that "[h]igh ranking corporate executives are not automatically given special treatment which excuses them from being deposed" and [t]he fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery" in considering whether to compel depositions of two board members of defendant corporation who were not parties to the suit) (quotation marks and citation omitted); *Ronald A. Katz Tech. Licensing, L.P. v. Verizon Comm'ns, Inc.,* No. 01-5627, 2002 U.S. Dist. LEXIS 19691 (E.D. Pa. Oct. 16, 2002) (denying motion to compel deposition of vice-president of defendant Verizon Communications, who was not himself a party to the action); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (observing, in declining to disturb lower court's rulings concerning deposition of president of defendant company, who was not himself a party to the action, that "[i]t is very unusual for a court to prohibit the taking of a deposition altogether"); *Rodriguez v. SLM Corp.*, No. 3:07CV1866 (WWE), 2010 WL 1286989, *2 (D. Conn. Mar. 26, 2010) (granting without prejudice motion to quash subpoenas to former executives of defendant corporations who were not parties to the action); *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D.

118, 127 (D. Md. 2009) ("reject[ing]" argument by defendant company's chairman and CEO, who was not himself a party to the action, "that his position in the defendant corporation constitutes good cause for preclusion of his deposition" and declining to "interfere with litigation strategy of counsel unless it is shown to cause undue burden" and ordering that deponent appear for deposition); *Filetech, S.A. v. France Telecom, S.A.*, No. 95 Civ. 1848, 1999 U.S. Dist. LEXIS 4693 (S.D.N.Y. Feb. 17, 1999) (staying deposition of defendant company's president, who was not a party to the action); *Consol. Rail Corp. v. Primary Indus. Corp.*, Nos. 92 Civ. 4927 and 92 Civ. 6313, 1993 U.S. Dist. LEXIS 12600 (S.D.N.Y. Sept. 10, 1993) (deferring live depositions of defendant corporation's executives, who were not parties to the action). None of these cases involved an individual party—let alone an individual plaintiff—trying to avoid appearing for deposition.

The only decision Mr. Trump cites in which the deponent was a named party is equally inapposite. In *Mulvey v. Chrysler Corp.*, 106 F.R.D. 364 (D. R.I. 1985), the deponent, the chairman of Chrysler's board, was being sued for Chrysler's allegedly defective design of certain vehicles. In other words, the party deponent was being sued (and deposed) in connection with work he performed for a ***defendant entity***.

Here, in contrast, the proceeding involves just two parties, TYC and Mr. Trump himself. The so-called "Trump Organization" is not a party to the TTAB proceeding. Mr. Trump's relationship with or "status" within the "Trump Organization" is irrelevant.

Mr. Trump's reliance upon the magistrate judge's order in the Eastern District of New York in *Yung v. Trump* also is misplaced. Mr. Trump did not initiate that action—he was merely a defendant in an action brought by a *pro se* plaintiff who had owned the domain names "trumpabudhabi.com, trumpbeijing.com, trumpindia.com, and trumpmumbai.com. *See*

5

Complaint for Declaratory Judgment in *Yung v. Trump*, E.D.N.Y., No. 11-1413, Docket No. 1, annexed as Exhibit N to the Sreeprakash Reply Decl.  Here, in contrast, Mr. Trump initiated the proceeding.  He cannot hide behind his "busy schedule" and "high profile status" to avoid his obligation to give testimony.  *See CBS, Inc. v. Ahern,* 102 F.R.D. 820, 822 (S.D.N.Y. 1984) ("The fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery.").

### IV.    Mr. Trump's Proffered Substitutions Are Inadequate

Mr. Trump's argument that the testimony of the Executive Vice President and General Counsel of the "Trump Organization," Eric Garten, should substitute for Mr. Trump's trial testimony (*see, e.g.,* Trump MOL at 1-2, 8-9, 14) is meritless.  As a preliminary matter, Mr. Garten, as an attorney for the "Trump Organization," has asserted privilege with respect to his communications with the opposer, Mr. Trump.  For example, at his deposition, Mr. Garten was cautioned by counsel not to "disclose any communications between counsel and Mr. Trump," and Mr. Garten recognized that questions TYC asked "regarding Mr. Trump—his opinion about things, his motivation, his interest in this case—could rightfully be objected [to] by legal counsel as being something that would breach attorney-client privilege."  *See* Transcript of Alan Garten dated November 12, 2015, annexed as Exhibit C to the Declaration of Daniel H. Weiner ("Weiner Decl."), Docket No. 11-3 ("Garten Tr."), at 71:23-72:23.  Although Mr. Garten later expressly offered to answer questions on behalf of Mr. Trump, he stated that Mr. Trump would not waive privilege.  *See id.* at 115:3-116:3.  Absent a full waiver of privilege (which has not been forthcoming), Mr. Trump's counsel cannot pretend to be an adequate substitute for Mr. Trump.[1]

---

[1] In the TTAB proceeding, Mr. Garten purported to be not only Mr. Trump's sole witness, but also his only counsel of record.  TYC's counsel was forced to file a motion to disqualify Mr.

Moreover, testimony that Mr. Trump's counsel elicited on direct in their trial deposition of Mr. Garten shows that Mr. Trump's testimony is the best evidence of certain matters at issue. For example, Mr. Garten, led by his counsel, testified about not only Mr. Trump's business and products, but also his mottos and motivations. *See, e.g.,* Garten Tr. at 53:18-54:24 ("He likes to prevail."). Plainly, Mr. Trump believes his motivations are relevant to the instant action, and in any event has put his motivations into issue by eliciting such trial testimony. But Mr. Trump alone—not his attorney, not his son—can provide evidence concerning such matters.

\*     \*     \*

If Mr. Trump is unwilling to appear for a deposition in a case he initiated, he should withdraw his meritless opposition to TYC's re-registration of a mark that has been in continuous use for over a decade, a mark that the USPTO has twice approved for registration. *See* USPTO Service Mark Principal Register for "Trump Your Competition" dated May 23, 2006 (the "Register"), annexed as Exhibit A to the Declaration of Netra Sreeprakash dated December 9, 2015 ("Sreeprakash Decl."), Docket No. 3-1; USPTO Notice of Publication dated March 19, 2014, annexed as Exhibit D to the Sreeprakash Decl., Docket No. 3-4 (stating that that the "Trump Your Competition" mark "appears to be entitled to registration"). Mr. Trump should not

---

Garten in light of the ethical issue his representation raised. Mr. Garten subsequently withdrew as counsel, and in August, Mr. Trump's third set of attorneys in the TTAB proceeding appeared on Mr. Trump's behalf. But Mr. Garten has since attempted to argue this case before the media. He told a reporter with the Wall Street Journal that TYC's motion to compel is "frivolous," and told the New York Post that TYC's motion is "pure harassment." *See* Joe Palazzolo, *Trump Your Competition Pursues Trump in Trademark Dispute*, Wall Street J. (Dec. 16, 2015, as updated at 4:31PM), http://www.wsj.com/articles/BL-LB-52762; Kathianne Boniello, *Sales Firm Sues Donald After He Objects to Use of 'Trump,'* N.Y. Post (Dec. 20, 2015, 1:30 AM), HTTP://NYPOST.COM/2015/12/20/SALES-FIRM-SUES-DONALD-AFTER-HE-OBJECTS-TO-USE-OF-TRUMP-NAME/.

be permitted to enjoy the "tax benefits" of his personal ownership of the marks[2] while refusing to

appear for deposition in this proceeding that is of his own making.

**CONCLUSION**

For the foregoing reasons, TYC respectfully requests that the Court: (i) order Mr. Trump

to comply with the subpoena by promptly appearing for deposition in New York, New York; (ii)

deny Mr. Trump's motion for a protective order; (iii) award TYC attorneys' fees and costs on the

instant motions pursuant to Fed. R. Civ. P. Rule 37(a)(5); and (iv) award such other and further

relief as the Court may deem just and proper.

Dated: New York, New York
      January 5, 2016

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**


By:_____/s/ Netra Sreeprakash_____
          Norris D. Wolff
          Netra Sreeprakash

551 Fifth Avenue, 18th Floor
New York, New York  10176
Telephone:(212) 986-6000
Facsimile: (212) 986-8866
Email:  nwolff@kkwc.com
Email:  nsreeprakash@kkwc.com

*Attorneys for Applicant*
**TRUMP YOUR COMPETITION, INC.**

---

2 *See* Garten Tr. at 35:22-24 (Q: "Why does Mr. Trump personally own the marks?"  A:  "For tax
planning purposes.").

8
