```
G16etruc
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

TRUMP YOUR COMPETITION, INC.,

        Plaintiff,

    v.                              15 MC 400(AKH)

DONALD TRUMP,

        Defendant.

------------------------------x

                            January 6, 2016
                            2:41 p.m.

Before:

            HON. ALVIN K. HELLERSTEIN,

                            District Judge

                APPEARANCES

KLEINBERG KAPLAN WOLFF & COHEN, PC
    Attorneys for Plaintiff
BY:  NETRA SREEPRAKASH
    NORRIS WOLFF

HUGHES HUBBARD & REED, LLP
    Attorneys for Defendant
BY:  DANIEL H. WEINER
    LENA SALTOS

ALSO PRESENT:  ALAN GARTEN, Executive Vice President and
                General Counsel of The Trump Organization

1         (Case called)

2         MS. SREEPRAKASH:  Good afternoon, your Honor.  Netra Sreeprakash from Kleinberg, Kaplan, Wolff & Cohen.  With me is Mr. Norris Wolff.

5         MR. WEINER:  Good afternoon, your Honor.  Dan Weiner of Hughes, Hubbard & Reed.  With me is my colleague, Lena Saltos, and to her right is Alan Garten, who's the Executive Vice President and General Counsel of The Trump Organization.

9         THE COURT:  Thank you very much.

10        Let me state at the outset that Mr. Wolff and I have been friends for some time.  We've met at various federal bar council meetings, and his wife and mine became friends as well.  There's nothing, however, that causes me to want to recuse myself, nor will I recuse myself.  But I want to let Mr. Weiner and all counsel know about this.

16        MR. WEINER:  Your Honor, I was only going to compliment your choice of friends.

18        THE COURT:  All right.  So who's going to argue this, Ms. Sreeprakash?

20        MS. SREEPRAKASH:  Yes, your Honor.

21        THE COURT:  Please take the podium and tell me why you need the deposition, or why should there be a deposition of Mr. Trump.

24        MS. SREEPRAKASH:  Thank you, your Honor.

25        I'm not going to disclose the trial strategy of my

G16etruc

1  cocounsel.
2          THE COURT:  You may have to, if you want the
3  deposition.
4          MS. SREEPRAKASH:  I will do it to the extent the Court
5  requires me to, but the fact is --
6          THE COURT:  If you don't, you won't get the relief.
7  So you choose.
8          MS. SREEPRAKASH:  Your Honor, opposing counsel has
9  searched cases throughout the country, including Alabama,
10 Pennsylvania, Rhode Island cases.  Not a single one permits a
11 plaintiff or any party that initiated a proceeding to avoid
12 sitting for a deposition or for trial testimony.  What
13 Mr. Trump is asking the Court to do is highly unusual.  Not a
14 single case, your Honor, in this country has done this, as far
15 as I know.  And they have not cited a case to the contrary.
16         THE COURT:  It's not unusual.  I've experienced this
17 many times in my practice, in 38 years before I became a judge,
18 and I've experienced it here as a judge as well.
19         The question is:  Why do you need him?  What's he
20 going to add to the information you already have?
21         MS. SREEPRAKASH:  My cocounsel at the TTAB proceeding
22 has certain theories that he'd like to flesh out with
23 Mr. Trump, and one of them is -- this was hinted at in the
24 deposition of Mr. Garten.
25         THE COURT:  It was what?

1           MS. SREEPRAKASH:  One of them was hinted at in the
2    deposition of Mr. Garten.  So he would like to inquire about
3    certain proceedings in which Mr. Trump has been accused of
4    conduct that might amount to unclean hands.  And only Mr. Trump
5    can testify as to those matters.  His son can't, and his
6    attorney certainly can't, especially given the privilege that
7    he's asserted.
8           THE COURT:  What kinds of conduct are you talking
9    about?
10          MS. SREEPRAKASH:  There are proceedings involving for
11   example, your Honor, Trump University, where Mr. Trump has been
12   alleged to have participated in a scheme to defraud students
13   who took courses to try to learn to be an excellent investor,
14   like he claims to be.
15          THE COURT:  Anything else?
16          MS. SREEPRAKASH:  There are other cases, and I believe
17   the New York Attorney General has brought a case against
18   Mr. Trump.
19          THE COURT:  It's a complete fishing expedition.
20          MR. WOLFF:  Your Honor, I had not intended to speak,
21   but may I?
22          THE COURT:  Then you shouldn't, Mr. Wolff.
23   Ms. Sreeprakash can consult with you, if she wants to.
24          MS. SREEPRAKASH:  Yes.  Another thing is, your Honor,
25   that this is a trial deposition.  And the trial period for

1  Mr. Trump included the deposition of Mr. Garten.  And during
2  that deposition Mr. Garten testified, when prompted by his
3  counsel, concerning Mr. Trump's motivations, including things
4  about how he is competitive, likes to win cases.  They've put
5  that into issue in this trial.
6            THE COURT:  So what?
7            MS. SREEPRAKASH:  We're entitled --
8            THE COURT:  If he's right, he's right.  If he's wrong,
9  he's wrong.  How can we test that?  Because the issue is
10 likelihood of confusion.  The issue in a trademark dispute is
11 likelihood of confusion.
12           MS. SREEPRAKASH:  Right.  But there is also -- we're
13 entitled to test their assumption.  We're entitled to test
14 their assumption that he has no unique knowledge.  There is
15 case law as to that.  We're entitled to test his claims that
16 Mr. Trump likes to compete with people.  Clearly it's an
17 attempt to argue that our client's mark is somehow infringing
18 on their rights because Mr. Trump is competitive.
19           THE COURT:  Unless you show there's a deficiency of
20 information that only Mr. Trump has, I'm not going to let you
21 have his deposition.
22           MS. SREEPRAKASH:  Your Honor, can I consult with my
23 colleague for a moment?
24           THE COURT:  Yes.  (Pause)
25           MS. SREEPRAKASH:  Your Honor, the likelihood of

G16etruc

1  confusion issue has already been addressed by the USPTO in
2  approving the registration in 2006, when my client first
3  registered it, my client's principal shareholder first
4  registered the mark, and again, more recently when it
5  published -- before it published the mark.
6          Mr. Trump, we argue, waived his right to oppose the
7  registration when he failed to oppose the registration back in
8  2005 and 2006.
9          THE COURT:  That's an argument you'll carry out in the
10 trademark office.
11         MS. SREEPRAKASH:  That is, your Honor.  But we're
12 entitled to test it.  We deposed Mr. Garten about that, but he
13 said he was not Mr. Trump's counsel at that time.  We're
14 entitled to know who waived right to oppose back in 2006.  And
15 the fact is, many of those marks weren't even registered until
16 after Trump Your Competition's mark was registered in 2006.
17         THE COURT:  Anything else?
18         MS. SREEPRAKASH:  Your Honor, that's the bulk of it.
19         But I just want to point out, your Honor, before you
20 issue any kind of --
21         THE COURT:  I want to hear Mr. Weiner.  I'll give you
22 another chance.
23         Mr. Weiner, do you represent that Mr. Trump will not
24 be testifying in that proceeding?
25         MR. WEINER:  Yes, your Honor, he will not be.

G16etruc

1               THE COURT:  You will not call him?

2               MR. WEINER:  We will not call him.  He will not

3     testify.

4               In the TTAB proceeding, your Honor is right, what's at

5     issue there -- the witnesses that we've designated are

6     Mr. Garten, who's sitting right here, and Eric Trump, who are

7     the two people in The Trump Organization who actually handle

8     the 500 trademarks.  And, your Honor --

9               THE COURT:  That doesn't preclude a deposition of

10    Mr. Trump if he has anything to offer.  So you're telling me he

11    won't be called; he doesn't have anything to offer.  And I have

12    not heard anything that would suggest that his information can

13    lead to relevant information that otherwise would not be

14    available.

15              MR. WEINER:  Then, your Honor, I'm smart enough to sit

16    down.  Thank you.

17              THE COURT:  Anything else, Ms. Sreeprakash?

18              MS. SREEPRAKASH:  Yes, your Honor.

19              Mr. Trump's declaration, which was submitted in

20    connection with this miscellaneous proceeding, does not state

21    that he does not have relevant knowledge, which is a glaring

22    omission.  If he doesn't have any knowledge, then he could have

23    sworn to that before this Court.  But he failed to do that,

24    your Honor.

25              THE LAW CLERK:  Do you all have copies of your

1   exhibits, including the affidavit?

2             MR. WEINER:  I can hand up a copy.

3             THE COURT:  Please.

4             MR. WEINER:  Only thing I lack is a clip.

5             THE COURT:  We have the CDs, nothing else.

6             MR. WEINER:  The declaration of Mr. Trump is

7   Exhibit A.

8             THE COURT:  Mr. Trump is not putting forward any

9   information here that's relevant to the case.  That will not be

10  a basis for taking his deposition.

11            MS. SREEPRAKASH:  But, your Honor, he did not state

12  that he has no relevant knowledge.  And he is the plaintiff in

13  this action.  He initiated this action.  We're entitled to

14  discover whether he sustained any damages during this time.  We

15  don't believe he has.

16            THE COURT:  The motion to compel is denied.  The

17  motion for protective order is granted.  There is no

18  information that's been identified to me that would be usefully

19  available from Mr. Trump that couldn't otherwise be obtained.

20  And I see no point for the deposition, other than to harass him

21  in the context of a presidential campaign in which he's

22  involved.

23            So that will dispose of the motion.  Thank you.

24            MR. WEINER:  Thank you, your Honor.

25            (Adjourned)